UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Case No.: 3:23-cv-00430

| | |
|---|---|
| **LUBOMIR DIMITROV**, *on behalf of himself and all others similarly situated*,<br><br>*Plaintiff*,<br>v.<br><br>**USD FUNDING LLC**,<br><br>*Defendant*. | **CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This action arises out of Defendant USD Funding LLC's ("USD Funding" or "Defendant") practice of making telemarketing calls to consumers *without their consent* in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA") and provisions of the North Carolina General Statute § 75-100, *et seq.*

2. USD Funding is a finance company offering business loans and related financial products to business.

3. In an effort to obtain new clients for their loan business, USD Funding cold calls consumers.

4. Mr. Dimitrov received these calls and repeatedly asked that they stop.

5. Mr. Dimitrov's telephone number was registered on the National Do-Not-Call Registry at the time of the calls.

6. Accordingly, Mr. Dimitrov brings this TCPA action on behalf of himself and two classes of similarly situated individuals under 47 U.S.C. §§ 227(b) and 227(c) and three classes of similarly situated individuals under N.C. Gen. Stat. §§ 75-102(a), (b), and (c).

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

8. This Court also has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a), because they are so closely related to the federal claim that they form a single case or controversy.

9. This Court has jurisdiction over the Defendant because Defendant regularly conduct business transactions in this District and has committed tortious acts in this District. Defendant purposefully directed its telemarketing activities at residents within this District.

10. Venue is proper in this District because Defendant conducts significant amounts of business transactions within this District and because some of the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

## PARTIES

11. Mr. Dimitrov is, and at all times mentioned herein was, a citizen and resident of Charlotte, North Carolina.

12. Mr. Dimitrov is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

13. Mr. Dimitrov is, and at all times mentioned herein was, a "telephone subscriber" as defined by N.C. Gen. Stat. § 75-101(11).

14. USD Funding is, and at all times mentioned herein was, a Florida limited liability company headquartered at 5301 N Federal Highway, Ste 180, Boca Raton, Florida 33487.

15. USD Funding is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

16. USD Funding is, and at all times mentioned herein was, a "telephone solicitor" as defined by N.C. Gen. Stat. § 75-101(10).

## GENERAL FACTUAL ALLEGATIONS

17. USD Funding is a finance company offering financial products to business, including business lines of credit, business term loans, business merchant cash advances, short term business loans, invoice financing, equipment financing, loan consolidation, loan refinance, and SBA loans.

18. In order to market their services, USD Funding, or someone acting on its behalf and at its direction, makes telemarketing calls marketing its products to the personal telephone numbers of consumers who did not consent to the calls.

19. These telephone calls come from different numbers, including but not limited to 541-329-5050, 541-329-5055, 540-215-5995, 540-216-5895, 541-329-5054, 541-329-5057, 541-329-5052 and 954-852-8537.

20. These calls solicit consumers to obtain funding or other business services from Defendant.

21. Upon information and belief, Defendant has not implemented the required policies, procedures and training required by the TCPA.

22. Upon information and belief, Defendant fails to honor do-not-call requests and has no policy or procedure for handling do-not-call requests.

## MR. DIMITROV'S FACTUAL ALLEGATIONS

23. Mr. Dimitrov is the user of a cellular telephone.

24. Mr. Dimitrov's cellular telephone is not associated with a business and is used for personal purposes.

25. Mr. Dimitrov registered his telephone number on the National Do Not Call Registry on January 29, 2009.

26. Mr. Dimitrov received numerous calls from Defendant that solicited Defendant's products and/or services.

27. On October 31, 2022 at 11:32am, Mr. Dimitrov received an unsolicited call from Defendant from telephone number 541-329-5050.

28. Mr. Dimitrov declined the call.

29. On October 31, 2022 at 1:28pm, Mr. Dimitrov received another unsolicited call from Defendant from telephone number 541-329-5055.

30. The caller stated he was calling from a national funding company.

31. Mr. Dimitrov stated that he did not recall ever working with such a company.

32. The caller hung up in response.

33. On October 31, 2022 at 2:16pm, Mr. Dimitrov received another unsolicited call from Defendant from telephone number 541-215-5995.

34. During the call, Mr. Dimitrov spoke with "Matthew" who stated he was calling from USDFunding.com.

35. Mr. Dimitrov demanded to be placed on USD Funding's internal do-not-call list.

36. Just 5 minutes later, on October 31, 2022 at 2:21pm, Mr. Dimitrov received another unsolicited call from Defendant from telephone number 540-216-5895.

37. The caller again attempted to solicit Mr. Dimitrov for a business loan.

38. Mr. Dimitrov was transferred to Matthew.

39. Matthew confirmed he was with USD Funding and confirmed that Mr. Dimitrov just spoke to him moments ago and requested to be placed on USD Funding's do-not-call list.

40. Mr. Dimitrov recorded the call and advised Defendant that he was recording the call.

41. Just 11 minutes later, on October 31, 2022 at 2:32pm, Mr. Dimitrov received another unsolicited call from Defendant from telephone number 541-329-5054.

42. The caller, named "Egan," called to harass Mr. Dimitrov and ask him why he recorded the call with USD Funding's representative, Matthew.

43. Despite Mr. Dimitrov's requests to be added to the do-not-call list, Defendant continued to call him on October 31, 2022 at 2:35pm (from 540-216-5895), 3:32pm (from 541-329-5055) and 6:51pm (from 541-329-5057).

44. On November 1, 2022 at 3:54pm, Mr. Dimitrov received another unsolicited call from Defendant from telephone number 541-329-5052.

45. This call solicited Defendant's products and/or services.

46. On February 20, 2023 at 3:59pm, Mr. Dimitrov received another unsolicited call from Defendant from telephone number 954-852-8537.

47. The agent, Demond Nakfour, attempted to solicit Mr. Dimitrov for business loans for a business that he does not have.

48. This call came after numerous calls where Mr. Dimitrov requested to receive no further calls.

49. Mr. Dimitrov requested that Edmond send him an email so that Mr. Dimitrov could be certain that Defendant was responsible for the calls.

50. Edmond sent him an email that showed Edmond was indeed associated with Defendant:



51. Mr. Dimitrov never provided prior express written consent (or any consent) to Defendant for these telephone calls.

52. In addition, Mr. Dimitrov repeatedly asked not to be called and revoked any consent that could have ever existed.

**DEFENDANTS' LIABILITY**

53. Because Defendant's calls constitute telemarketing, Defendant is required to obtain prior express written consent from the persons to whom Defendant made calls.

54. "Prior express written consent" is specifically defined by regulation as:

[A]n agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the

signatory authorizes such advertisements or telemarketing messages to be delivered.

47 C.F.R. § 64.1200(f)(9)(emphasis added).

55. Mr. Dimitrov never provided Defendant with any consent, written or otherwise.

56. The TCPA also prohibits making multiple telephone solicitation calls to a telephone number on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5).

57. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

58. A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

59. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provide a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

60. Defendant repeatedly violated this rule by placing telephone solicitations to telephone numbers on the National Do-Not-Call registry, including to Mr. Dimitrov's number.

61. For violations of 47 C.F.R. § 64.1200(c), Mr. Dimitrov is entitled to $500 per call.

62. Mr. Dimitrov is entitled to $1,500 per call if Defendant's actions are found to be knowing or willful.

63. In addition, the TCPA specifically required the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

64. The FCC was instructed to "compare and evaluate alternative methods and procedures (including the use of . . . company-specific 'do not call systems . . .)" and "develop proposed regulations to implement the methods and procedures that the Commission determines are most effective and efficient to accomplish purposes of this section." *Id.* at (c)(1)(A), (E).

65. Pursuant to this statutory mandate, the FCC established company-specific "do not call" rules. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 7 F.C.C. Rcd. 8752 (Oct. 16, 1992) ("TCPA Implementation Order").

66. These regulations are codified at 47 C.F.R. §§ 64.1200(d)(1)-(7).

67. Specifically, these regulations require a company to keep a written policy, available supon demand, for maintaining a do not call list for calls made by or on behalf of that person or entity, train personnel engaged in telemarketing on the existence and use of its internal do not call list, and record and honor "do not call" requests for no less than five years from the time the request is made. 47 C.F.R. §§ 64.1200(d)(1, 2, 3, 6).

68. These policies and procedures prohibit a company from making telemarketing calls unless they have implemented these policies and procedures. 47 C.F.R. § 64.1200(d).

69. Accordingly, all telemarketing calls violate the TCPA unless Defendant can demonstrate that they have implemented the required policies and procedures.

70. Defendant violated this rule by not having such policies and training, and failing to honor do-not-call requests for calls it made or that were made on its behalf including the continued calls to Mr. Dimitrov after he directly asked not to be contacted.

71. For violations of 47 C.F.R. § 64.1200(d), Mr. Dimitrov is entitled to an additional $500 per call.

8

72. Mr. Dimitrov is entitled to $1,500 per call if Defendant's actions are found to be knowing or willful.

73. North Carolina General Statute § 75-102(a) prohibits making "a telephone solicitation to a telephone subscriber's telephone number if the telephone subscriber's telephone number appears in the latest edition of the "Do Not Call" Registry." N.C. Gen. Stat. § 75-102(a).

74. Mr. Dimitrov's number was on the National Do-Not-Call Registry prior to Defendants' calls.

75. For violations of N.C. Gen. Stat. § 75-102(a), Mr. Dimitrov is entitled to recover $500 for the first violation, $1,000 for the second violation, and $5,000 for the third and any other violation that occurs within two years of the first violation.

76. North Carolina General Statute § 75-102(b) prohibits a telephone solicitor from making "a telephone solicitation to a telephone subscriber's telephone number if the telephone subscriber previously has communicated to the telephone solicitor a desire to receive no further telephone solicitations from the telephone solicitor to that number." N.C. Gen. Stat. § 75-102(b).

77. Mr. Dimitrov communicated to Defendant a desire to receive no further telephone solicitations from Defendant, yet Defendant continues to place calls to Mr. Dimitrov.

78. For violations of N.C. Gen. Stat. § 75-102(b), Mr. Dimitrov is entitled to recover $500 for the first violation, $1,000 for the second violation, and $5,000 for the third and any other violation that occurs within two years of the first violation.

79. North Carolina General Statute § 75-102(c)(1) requires a telephone solicitor to: "[a]t the beginning of the telephone solicitation, state clearly the identity of the telephone solicitor and identify the individual making the telephone solicitation."

80. Defendant would use deceptive names, such as "National Funding," to conceal its

identity and avoid liability for its illegal telemarketing practice.

81. For violations of N.C. Gen. Stat. § 75-102(c)(1), Mr. Dimitrov is entitled to recover $500 for the first violation, $1,000 for the second violation, and $5,000 for the third and any other violation that occurs within two years of the first violation.

82. Mr. Dimitrov has suffered concrete harm because of Defendants' unwanted and unsolicited telemarketing calls, including, but not limited to:

- Device storage;
- Lost time tending to and responding to the unsolicited calls and voicemails;
- Invasion of Privacy; and
- Nuisance.

83. These forms of actual injury are sufficient for Article III standing purposes.

84. To the extent Defendant is not directly liable for the calls at issue, Defendant is liable for each of the violating calls under one or more of the following theories of vicarious liability.

85. Defendant is vicariously liable for the calls placed by third party vendors because Defendant authorized the calls and instructed its third parties to advise consumers that the calls were made on Defendant's behalf.

86. Defendant knowingly accepted the benefit of its third parties' contacts with consumers despite the fact that these consumers were contacted through conduct that violates the TCPA.

87. Alternatively, Defendant ratified the TCPA violations by knowing facts that would cause an ordinarily prudent person to inquire as to whether its third parties were complying with the TCPA.

# CLASS ACTION ALLEGATIONS

88. Plaintiff brings this action under Fed. R. Civ. P. 23 on behalf of two categories of proposed "Classes," the "TCPA Classes" and the "North Carolina Classes" as defined as follows:

## THE TCPA CLASSES

> Plaintiff and all persons within the United States to whom, from four years prior to the filing of this action through class certification, (1) Defendant (or an agent acting on behalf of Defendant) placed two or more calls (2) for the purpose of encouraging the purchase of Defendant's products or services (3) in a 12-month period (4) when the telephone number to which the calls were made was on the National Do-Not-Call Registry at the time of the calls.

("TCPA 227(c) Class")

> Plaintiffs and all persons within the United States to whom, from four years prior to the filing of this action through class certification, (1) Defendant (or an agent acting on behalf of Defendant) placed two or more calls (2) for the purpose of encouraging the purchase of Defendant's products or services (3) in a 12-month period.

("TCPA Policy Class")

## NORTH CAROLINA CLASSES

> Plaintiff and all residents of the State of North Carolina to whom, from two years prior to the filing of this action through class certification, (1) Defendant (or an agent acting on behalf of Defendant) placed a telephone solicitation (2) when the telephone number to which the telephone solicitation was made was on the National Do-Not-Call Registry at the time of the call.

("NC 75-102(a) Class")

> Plaintiff and all residents of the State of North Carolina to whom, from two years prior to the filing of this action through class certification, (1) Defendant (or an agent acting on behalf of Defendant) placed a telephone solicitation (2) after the telephone subscriber previously communicated a desire to receive no further telephone solicitations to that number.

("NC 75-102(b) Class")

> Plaintiff and all residents of the State of North Carolina to whom, from two years prior to the filing of this action through class certification, (1) Defendant (or an agent acting on behalf of Defendant) placed (2) an unsolicited telephone call (3) that identified the telephone solicitor as anything other than USD Funding, LLC at the beginning of the telephone solicitation.

("NC 75-102(c)(1) Class")

(The TCPA Classes and the North Carolina Classes are collectively referred to herein as the "Classes.")

89. Excluded from the Classes are Defendant and any entities in which Defendant has a controlling interest; Defendant's agents and employees; any Judge and Magistrate Judge to whom this action is assigned and any member of their staffs and immediate families, and any claims for personal injury, wrongful death, and/or emotional distress.

90. The Members of the Classes for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

91. The exact number and identities of the persons who fit within the Classes are ascertainable in that Defendant and third parties maintain written and electronically stored data showing:

   a. The time period(s) during which Defendant placed its calls;

   b. The telephone numbers to which Defendant placed its calls;

   c. The telephone numbers for which Defendant had prior express written consent;

   d. The telephone numbers for which Defendant received opt-out requests and/or do-not-call requests;

   e. The purposes of such calls;

   f. The time period Defendant used names other than the true identity of Defendant during the beginning of a telephone solicitation; and

   g. The names and addresses of Class members.

92. The Classes are comprised of hundreds, if not thousands, of individuals.

93. There are common questions of law and fact affecting the rights of the Members of the Classes, including, *inter alia*, the following:

a. Whether Defendant (or someone acting on its behalf) obtains prior express written consent;

b. Whether Defendant (or someone acting on its behalf) makes solicitation calls to telephone numbers registered on the National Do-Not-Call Registry;

c. Whether Defendant had a policy of using a name, other than its true name, at the start of its telephone solicitations to avoid its illegal practices from being detected;

d. Whether Plaintiff and the Classes were damaged thereby, and the extent of damages for such violations; and

e. Whether Defendant should be enjoined from engaging in such conduct in the future.

94. Mr. Dimitrov is a member of the Classes in that Defendant placed telemarketing calls to his phone using an automatic telephone dialing system.

95. Mr. Dimitrov's claims are typical of the claims of the Members of the Classes in that they arise from Defendants' uniform conduct and are based on the same legal theories as these claims.

96. Mr. Dimitrov and all putative Members of the Classes have also necessarily suffered concrete harm in addition to statutory damages, as all Members of the Classes spent time tending to Defendant's unwanted calls and suffered a nuisance and an invasion of their privacy.

97. Mr. Dimitrov has no interests antagonistic to, or in conflict with, the Classes.

98. Mr. Dimitrov will thoroughly and adequately protect the interests of the Classes, having retained qualified and competent legal counsel to represent him and the Classes.

99. Defendant has acted and refused to act on grounds generally applicable to the Classes, thereby making injunctive and declaratory relief appropriate for the Classes.

100. The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

101. A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, *inter alia*, the damages suffered by each class member make individual actions uneconomical.

102. Common questions will predominate, and there will be no unusual manageability issues.

**FIRST CAUSE OF ACTION**
**Violations of the TCPA, 47 U.S.C. § 227(c)**
**(On Behalf of Plaintiffs and the TCPA 227(c) Class)**

103. Mr. Dimitrov and the proposed TCPA 227(c) Class incorporate the foregoing allegations as if fully set forth herein.

104. Defendant made, or had made on its behalf, telephone solicitations to Mr. Dimitrov's and TCPA 227(c) Class Members' telephone numbers.

105. Mr. Dimitrov's and TCPA 227(c) Class Members' telephone numbers were all on the National Do-Not-Call Registry at the time of the calls.

106. Mr. Dimitrov and TCPA 227(c) Class Members each received two or more such calls in a 12-month period.

107. Mr. Dimitrov and TCPA 227(c) Class Members are entitled to an award of $500 in statutory damages for each call pursuant to 47 U.S.C. § 227(c)(5).

108. Mr. Dimitrov and TCPA 227(c) Class Members are entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(c)(5).

## SECOND CAUSE OF ACTION
### Violations of the TCPA, 47 U.S.C. § 227(c), 47 C.F.R. § 64.1200(d)
### (On Behalf of Plaintiff and the TCPA Policy Class)

109. Mr. Dimitrov and the proposed TCPA Policy Class incorporate the foregoing allegations as if fully set forth herein.

110. The TCPA requires any party that is engaged in telemarketing institute and maintain a written internal do-not-call policy. 47 C.F.R. § 64.1200(d).

111. Defendant violated the TCPA by not having sufficient internal do-not-call policies, by not following or honoring the policies it did have, and/or by not sufficiently ensuring that those making calls on their behalf did the same—including by failing to actually honor do-not-call requests made by Mr. Dimitrov and other members of the TCPA Policy Class.

112. As a result of these violations, Mr. Dimitrov and the TCPA Policy Class Members were damaged by Defendant's violations, in that they received non-privileged and unsolicited telemarketing calls that invaded their privacy.

113. Mr. Dimitrov and TCPA Policy Class Members are entitled to an award of $500 in statutory damages for each call pursuant to 47 U.S.C. § 227(c)(5).

114. Mr. Dimitrov and TCPA Policy Class Members are entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(c)(5).

## THIRD CAUSE OF ACTION
### Violations of N.C. Gen. Stat. § 75-102(a)
### (On Behalf of Plaintiff and the NC 75-102(a) Class)

115. Mr. Dimitrov and the proposed NC 75-102(a) Class incorporate the foregoing allegations as if fully set forth herein.

116. Defendants made, or had made on its behalf, telephone solicitations to Mr. Dimitrov's and NC 75-102(a) Class Members' telephone numbers.

117. Mr. Dimitrov's and NC 75-102(a) Class Members' telephone numbers were all on the National Do-Not-Call Registry at the time of the telephone solicitations.

118. Mr. Dimitrov and NC 75-102(a) Class Members are entitled to an award of $500 in statutory damages for the first violation, pursuant to N.C. Gen. Stat. § 75-105(b)(2).

119. Mr. Dimitrov and NC 75-102(a) Class Members are entitled to an award of $1,000 in statutory damages for the second violation, pursuant to N.C. Gen. Stat. §75-105(b)(2).

120. Mr. Dimitrov and NC 75-102(a) Class Members are entitled to an award of $5,000 in statutory damages for the third violation and any other violation that occurs within two (2) years of the first violation, pursuant to N.C. Gen. Stat. § 75-105(b)(2).

**FOURTH CAUSE OF ACTION**
**Violations of N.C. Gen. Stat. § 75-102(b)**
**(On Behalf of Plaintiff and the NC 75-102(b) Class)**

121. Mr. Dimitrov and the proposed NC 75-102(b) Class incorporate the foregoing allegations as if fully set forth herein.

122. Defendant made, or had made on its behalf, telephone solicitations to Mr. Dimtirov's and NC 75-102(b) Class Members' telephone numbers after Mr. Dimitrov and the NC 75-102(b) Class Members communicated to Defendant a desire to receive no further telephone solicitations from the telephone solicitor to their respective numbers.

123. Mr. Dimitrov and NC 75-102(b) Class Members are entitled to an award of $500 in statutory damages for the first violation, pursuant to N.C. Gen. Stat. § 75-105(b)(2).

124. Mr. Dimitrov and NC 75-102(b) Class Members are entitled to an award of $1,000 in statutory damages for the second violation, pursuant to N.C. Gen. Stat. §75-105(b)(2).

125. Mr. Dimitrov and NC 75-102(b) Class Members are entitled to an award of $5,000 in statutory damages for the third violation and any other violation that occurs within two (2) years of the first violation, pursuant to N.C. Gen. Stat. § 75-105(b)(2).

**FIFTH CAUSE OF ACTION**
**Violations of N.C. Gen. Stat. § 75-102(c)(1)**
**(On Behalf of Plaintiff and the NC 75-102(c)(1) Class)**

126. Mr. Dimitrov and the proposed NC 75-102(c)(1) Class incorporate the foregoing allegations as if fully set forth herein.

127. Defendants made, or had made on its behalf, unsolicited telephone calls to Mr. Dimitrov's and NC 75-102(c)(1) Class Members' telephone numbers.

128. These unsolicited telephone calls did not "state clearly the identity of the telephone solicitor and identify the individual making the telephone solicitation."

129. Mr. Dimitrov and NC 75-102(c)(1) Class Members are entitled to an award of $500 in statutory damages for the first violation, pursuant to N.C. Gen. Stat. § 75-105(b)(2).

130. Mr. Dimitrov and NC 75-102(c)(1) Class Members are entitled to an award of $1,000 in statutory damages for the second violation, pursuant to N.C. Gen. Stat. § 75-105(b)(2).

131. Mr. Dimitrov and NC 75-102(c)(1) Class Members are entitled to an award of $5,000 in statutory damages for the third violation and any other violation that occurs within two (2) years of the first violation, pursuant to N.C. Gen. Stat. § 75-105(b)(2).

**PRAYER FOR RELIEF**

**WHEREFORE**, Mr. Dimitrov, individually and on behalf of the Classes, prays for the following relief:

A. An order certifying the Classes as defined above, appointing Mr. Dimitrov as the representative of the Classes and appointing his counsel as Class Counsel;

B. An order declaring that Defendant's actions, as set out above, violate 47 U.S.C. § 227(c);

C. An order declaring that Defendant's actions, as set out above, violate N.C. Gen. Stat. §§ 75-102(a), 75-102(b) and 75-102(c)(1).

D. An award of injunctive and other equitable relief as necessary to protect the interests of the Classes, including, *inter alia*, an order prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

E. An award of statutory damages;

F. An award of treble damages;

G. An award of reasonable attorneys' fees and costs; and

H. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Mr. Dimitrov requests a trial by jury of all claims that can be so tried.

Dated: July 18, 2023

SHAPIRO LAW OFFICE, PLLC

*s/ Craig M. Shapiro*
Craig M. Shapiro (State Bar # 48887)
644 Holly Springs Road, Suite 195
Holly Springs, North Carolina 27540
Telephone: (919) 480-8885
Email: craig@shapirolawofficepllc.com

THE WEITZ FIRM, LLC

Max S. Morgan, Esquire
Eric H. Weitz, Esquire
1515 Market Street, #1100
Philadelphia, PA 19102
Telephone: (267) 587-6240
Fax: (215) 689-0875
Email: max.morgan@theweitzfirm.com
Email: eric.weitz@theweitzfirm.com
(*Pro Hac Vice* motions to be filed)