UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:23-CV-00430-FDW-SCR

| | |
|---|---|
| LUBOMIR DIMITROV, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| USD FUNDING LLC, | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on Plaintiff's Motion to Stay (Doc. No. 9). Plaintiff filed this lawsuit against Defendant USD Funding LLC on July 18, 2023. (Doc. No. 1.) On September 15, 2023, the Clerk of Court entered Default against Defendant for failing to answer, move, or otherwise plead in response to Plaintiff. (Doc. No. 8.) On October 2, 2023, a Magistrate Judge granted Plaintiff's Motion for Leave to Conduct Class Certification and Damages Discovery. (Doc. No. 8.) Then, Plaintiff filed this Motion to Stay after being contacted by counsel for the appointed receiver of Defendant regarding an Order of the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. (Doc. No. 9, p. 1–2.) In pertinent part, the Order of the Florida state court states "[a]ll pending judicial, administrative, or other actions against the Entity Defendants are hereby stayed unless otherwise ordered by this Court." (Doc. No. 9, p. 9.)

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254–55 (1936). When deciding whether to allow the continuation of a federal action which parallels a state court proceeding,

1

courts consider "whether the controversy can better be settled in the proceeding pending in the state court." <u>Centennial Life Ins. Co. v. Poston</u>, 88 f.3d 255, 25 (4th Cir. 1996). As an initial matter, the Florida state court Order is not binding against this Court. Because default has been entered against Defendant, all that remains in this matter is a limited discovery period for assessment of class certification and damages. The Court finds no appropriate basis for delaying such discovery.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Stay, (Doc. No. 9), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff shall have leave to conduct discovery as detailed in Plaintiff's Discovery Motion, (Doc. No. 8), for 90 days from the date of this Order.

**IT IS SO ORDERED.**

Signed: April 17, 2024

Frank D. Whitney
United States District Judge